Filed 4/4/23 P. v. Alferez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079518 |
| v. | (Super.Ct.No. RCR18862) |
| ROBERTO PEREZ ALFEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Jon D. Ferguson, Judge. Affirmed.

Roberto Perez Alferez, in pro. per.; and Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Roberto Perez Alferez appeals the San Bernardino County Superior Court's denial of his petition for resentencing made pursuant to section 1172.95 of the Penal Code.[1] We affirm.

**BACKGROUND**

In 1990, members of an Ontario gang were riding in a Jeep in Chino Sinners' territory. When trash was thrown from the Jeep and a passenger yelled "Ontario Sur," members and associates of the Chino Sinners jumped into a Mustang. Defendant drove the Mustang and codefendant Elias Salgado, who was riding in front passenger seat, fired five shots into the jeep, killing two teenagers and injuring a young man.

Defendant and Salgado were tried separately. Their respective juries convicted them of first degree murder (§ 187, subd. (a), counts 1 & 2) with the special circumstance of being convicted of more than one offense of first degree murder in the same proceeding (§ 190.2, subd. (a)(3)), attempted murder (§§ 664, 187, subd. (a), count 3), and shooting at an occupied vehicle (§ 246, count 4). The court did not instruct the jury on the theory of felony murder or the natural and probable consequences doctrine.

In March 1992, defendant was sentenced to two state prison terms of life without possibility of parole on account of the murder convictions (counts 1 & 2), and a term of life with the possibility of parole for the attempted murder conviction (count 3). The sentences for counts 2 and 3 were to run concurrently with the sentence for count 1.

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

Defendant and Salgado appealed their judgments and we affirmed. (*People v. Alferez, et al.* (June 20, 1994, E011058) [nonpub. opn.].)

Nearly 27 years later, Senate Bill No. 1437 became effective. (Stats. 2018, ch. 1015, eff. Jan. 1, 2019.) That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony-murder rule in cases of first and second degree murder and to eliminate the natural and probable consequences liability for murder. (Stats. 2018, ch. 1015, §§ 2, 3.) The bill also added section 1172.6, which created a procedure for convicted persons who could not be convicted under the statutes as amended to retroactively obtain relief. (*Id.* at § 4.)

As the result of the amendments brought about by Senate Bill No. 1437, persons who were not actual killers or did not act with the intent to kill cannot be held liable for murder unless they were major participants in the underlying felony and acted with reckless indifference to human life as defined in section 190.2, subdivision (d), the statute that defines special circumstance felony murder. (§ 189, subd. (e); *People v. Strong* (2022) 13 Cal.5th 698, 703.)

Defendant filed a section 1172.6 petition for resentencing in February 2022. The court appointed counsel for defendant, ordered the People to file a brief addressing whether defendant could establish a prima facie case for relief, and set a hearing.

At the hearing, the court denied defendant's petition. The denial was based upon its review of the instructions given to the jury and the jury's verdict forms, which establish the jury was not given an option to consider the felony-murder rule or the

3

natural and probable consequences doctrine, and it convicted defendant of two counts of willful, premeditated, and deliberate murder. Defendant appealed.

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel notes we have discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to conduct an independent review of the record in appeals from denials of section 1172.6 petitions, and states she considered whether the trial court improperly relied on the factual summary in our opinion issued in defendant's appeal from the judgment.

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating she had not found an arguable issue, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary.

## DISCUSSION

In his handwritten letter submitted in response to our invitation, defendant raises three issues: (i) whether the trial court applied the correct statute, (ii) whether the court erred when it failed to issue an order to show cause, and (iii) whether his counsel represented him adequately.

When defendant filed his resentencing petition in February 2022 seeking the relief afforded by Senate Bill No. 1437, the applicable statute was numbered section 1170.95. (Stats. 2018, ch. 1015, § 4.) Effective June 30, 2022, that statute's number changed to 1172.6, but its wording remained the same. (Stats. 2022, ch. 58, § 10). Because only the

4

number and not the text of the statute was changed, it is of no consequence to defendant that the court and the parties continued to refer to "1170.95" instead of "1172.6" after June 30, 2022. In other words, the correct statute was applied even if the parties referred to it by its former number.

Defendant also claims the trial court should have issued an order to show cause at the hearing because malice had been imputed to him based solely on his participation in a crime. In support of his argument, defendant points to his declaration dated the same day as his brief. There he avers he agreed to drive Salgado and another person to talk with the guys in the Jeep but he neither knew Salgado was going to shoot at them nor encouraged him to do so. In his brief, defendant does not suggest he introduced those facts at trial but, even if we assume he did, the jury clearly did not find them to be true. The record of conviction, including the instructions and the resulting jury verdict forms, establish the People proceeded and defendant was convicted on a theory of direct aiding and abetting with an intent to kill.

Contrary to defendant's claim, we find nothing lacking his appointed appellate counsel's representation of him with respect to this petition. Section 1172.6, subdivision (c), does not require counsel to file a reply to the People's response to his petition. Defendant is correct that there is no reporter's transcript of the bench conference, and defense counsel did agree to submit the matter based on the information in the court's file. Those conferences and submissions, however, are commonplace in court

5

proceedings and, in and of themselves, do not support a conclusion that defense counsel's assistance was ineffective.

We have reviewed the record and do not find, and defendant has not demonstrated, that any outcome on the petition other than dismissal could be obtained in view of defendant's record of conviction.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

RAPHAEL
J.